THE CITY OF CHICAGO

*v.*

JOSEPH J. DUFFY.

*Opinion filed February 22, 1899.*

APPEALS AND ERRORS—*when Appellate Court cannot entertain appeal.* The Appellate Court has no jurisdiction of an appeal in suit against a city upon a contract, where one of the principal issues is whether such contract, under the particular circumstances, is within the constitutional inhibition against a city's incurring any indebtedness when already indebted beyond the five per cent limit.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

CHARLES S. THORNTON, Corporation Counsel, and THOMAS J. SUTHERLAND, (JOHN P. WILSON, of counsel,) for appellant.

RICHARD PRENDERGAST, DAVID J. BAKER, and JOHN REID McFEE, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The appellee, Joseph J. Duffy, brought an action of assumpsit in the circuit court of Cook county, against the appellant, to recover on a contract entered into by and between them. The plaintiff sought to recover from the city a large sum of money, to be paid for out of a separate fund, for work done in extending the system of water-works of the city, and filed his declaration setting out *in hæc verba* the contract and specifications. The city filed the general issue and certain special pleas, which were by the court ordered to stand as notice under the general issue.

One of the defenses sought to be set up in this manner, and one which was urged on the trial and was presented

by instructions, was, that the contract sued on by the plaintiff was illegal, because at the time it was entered into, and since, the city was indebted beyond the constitutional limitation, and hence the contract was void. The city insisted that under the contract a liability was incurred by it when it was so indebted beyond the constitutional limitation, whilst the plaintiff claimed that under the contract and under the law the constitutional provision did not apply to an indebtedness incurred in an extension of the system of water-works which was to be paid for out of the fund derived by the city from water taxes, rents or rates. The issue was raised and sharply contested on the trial, and all through the case, as to whether the constitutional provision inhibiting a city from incurring any indebtedness where it was indebted beyond the five per cent limit would include a contract such as declared on, where the work was to be paid for out of such separate fund so raised from water taxes, rates or rents as provided for by section 6 of an act entitled "An act authorizing cities, incorporated towns and villages to construct and maintain water-works," approved and in force April 15, 1873.

On a trial in the circuit court a judgment was rendered in favor of the plaintiff for $204,328.52. A motion for a new trial and a motion in arrest of judgment were each overruled, and an appeal was prosecuted by the defendant to the Appellate Court for the First District, where the record was filed. Motion was entered in that court to dismiss the appeal, which was allowed. From that judgment of dismissal an appeal was prosecuted to this court, where the appellant assigns error on the record of the Appellate Court in so dismissing the appeal.

It is clear that a constitutional question was involved on the record presented to the Appellate Court, of which it had no jurisdiction. The judgment of the Appellate Court for the First District in dismissing the appeal was not error, and is affirmed.        *Judgment affirmed.*